USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/11/2022

St. Onge IP
St. Onge Steward Johnston & Reens LLC
986 Bedford Street         +1 203 324-6155 T
Stamford, Connecticut      +1 203 327-1096 F
06905-5619                 ssjr.com

November 9, 2022

VIA ECF
Honorable Stewart D. Aaron
United States District Court S.D.N.Y.
500 Pearl Street, Courtroom 18C
New York, NY 10007

*RE: Shae Peterson v. Diesel Power Gear, LLC et al, Case No. 1:21-cv-8827-ALC-SDA Discovery Dispute Regarding Interrogatories 1-5*

Dear Judge Aaron,

This firm represents Diesel Power Gear along with Joseph Shapiro at Strong & Hanni.  As you know from earlier filings, Joseph Shapiro is in the middle of a trial (Dkt. 52), which has caused some miscommunication.  We both sincerely appreciate the courtesy of additional time to submit this reply letter (Dkt. 58).

Plaintiff argues "there is nothing to compel".  But, Plaintiff's answers to the interrogatories are evasive and incomplete.  Plaintiff has attempted to hide their damages computation from the very beginning of this case and continues to do so.  This Court previously ordered Plaintiff to supplement initial disclosures (Dkt 30).  Defendant served interrogatories focused on damages and the damages computation to force Plaintiff to tell Defendant what Plaintiff was required to do from the beginning – how much does Plaintiff assert Defendants owes him and how does he arrive at that number?  Defendants still do not know.

First, the interrogatory response is not signed FRCP 33(b)(5).  Second, Plaintiff argues the discovery deadline passed.  The emails show Plaintiff's counsel promised to supplement and Defendant's repeated attempts to get that supplement.  (Dkt 56-1, 16-41)  Defendant should not be punished for its repeated attempts to not bother the court with a discovery motion and the assumption that Plaintiff, having been previously warned against evasive damages computations (Dkt. 30), would tell Defendant how he arrives at damages figures. Finally, the responses are evasive for the reasons discussed below.

Attorney fees are warranted due to the continued evasive attitude of Plaintiff and an order preventing Plaintiff from asserting damages based on issues within the scope of the interrogatories but not included in the response is also appropriate.

**Interrogatory No. 1**

In Interrogatory #1 (Dkt 56-1 at 46), Defendants specifically asked for the identity of the artwork infringed, the specific dates, the identification of all locations where the artwork was displayed,

virtual locations, the length of time it was displayed and how Plaintiff became aware of infringement. The response is below (objections removed, underline added):

> RESPONSE TO INTERROGATORY NO. 1:… <u>Plaintiff will produce documents pursuant to Fed. R. Civ. P. 33(d)</u>, from which responsive information can be obtained. Discovery is ongoing; right to supplement reserved. SUPPLEMENTAL RESPONSE: Without waiver, Plaintiff responds: <u>Defendants, and each of them, access Plaintiff's artwork, created a copy of Plaintiff's artwork, and from that copy created an unlawful derivative work. In doing so, they cropped or edited out Plaintiff's logo and copyright management information. Defendants then exploited their unlawful derivative copy online in marketing and advertising materials. The documents produced reflect the various instances of copying and infringement.</u>

The underlined section above has two components, the FRCP 33(d) reference that does not identify documents and the second with an evasive narrative response that does not state the identity of the artwork infringed, the specific dates, the identification of all locations where the artwork was displayed (e.g on Instagram etc), the length of time it was displayed and how Plaintiff became aware of infringement. If Plaintiff does not have documents, he needs to say that. If he does not remember the information or is unable to determine it, he needs to say that.

Plaintiff has admitted the computation of damages relies on the length and extent of infringement (Exhibit A at 2), rendering the L.R. 33.3 objection invalid. The sub-parts issue does not allow Plaintiff to evade when even the most favorable to Plaintiff reading of the sub-part rule results in fewer than the maximum number permitted by the Federal Rules. Plaintiff also objects on the basis of seeking a "legal expert opinion". It is not clear what a "legal expert" is other than a judge. If Plaintiff needs a damages expert, he must still provide facts and his lay assertions.

**Interrogatory No. 2**

This asks for the identification of all circumstances giving rise to a claim of willfulness. Defendant seeks information about asserted prior admonition by Plaintiff to Defendant and all related information and content of communications. (Dkt. 56-1 at 47). Plaintiff initially said he would produce documents (without identifying any) the supplement makes an evasive assertion:

> "Defendants, and each of them, had notice of Plaintiff's claims of ownership of the artwork at issue and his objection to Defendants' exploitation of that artwork. Yet, Defendants continued to exploit his artwork despite this knowledge. And, Defendants exploited Plaintiff's artwork without his consent and without doing any due diligence into the ownership of the copyrights for the artwork."

This response does not identify contents of the communications, who received them, dates, where the alleged prior infringement occurred or the length of time of the prior infringement or anything else requested in this interrogatory.

**Interrogatory Nos. 3 and 4**

The responses both state "these documents include, without limitation the documents he has produced under Nos 18-32." Plaintiff has to produce everything responsive to this request and cannot opens the door to miraculously go find another document.

Substantively as to Interrogatory No 4, Documents 18-32 are invoices (many containing redactions of the location) that provide no information about "the location, size, and media of the content, art, or proposed content or art; the relevant dates; …[ or the] identification of any contracts, draft contracts, negotiations, and/or communications regarding such arrangements". The invoices provide a price, redact the location, name of the customer and provide no details on what Plaintiff actually did to receive the money in question. Despite a protective order being entered, Plaintiff has only provided inadmissible redacted versions which are not complete copies of originals.

**Interrogatory No. 5**

The interrogatory asks Plaintiff to tell Defendant what the reasonable royalty is (Dkt 56-1 at 49). Plaintiff makes objections which are un-availing for reasons previously stated. The initial response refers to FRCP 33(d) without identifying documents. The supplemental response is again evasive:

> RESPONSE TO INTERROGATORY NO. 5….SUPPLEMENTAL RESPONSE: Without waiver, Plaintiff responds: these documents include, without limitation, the documents he has produced under Nos.18-32. Plaintiff lost revenues as a result of the infringement. Plaintiff would have charged a rate for his work that reflects his license history for the creation of similar projects. He has produced licenses establishing that history.

The identification of documents has the same issue described above as to Interrogatories 3 and 4. Next, Plaintiff fails to answer "what is a reasonable royalty for use of a mural or similar artwork for one-time use as a backdrop in a social media post similar to the alleged infringing use in this case?" Plaintiff produces invoices for him physically painting other murals, not "for one-time use as a backdrop in a social media post similar to the alleged infringing use in this case" Plaintiff needs to provide a number and then identify and describe "factors" that would affect such royalty. He says he would do so in the supplement initial disclosures (Exhibit A at 2) but has not done so there or in this interrogatory response.

**Conclusion**

Plaintiff has been evasive on all issues of damages from the very beginning and should therefore be ordered to pay Defendants' attorney fees for bringing this motion, especially given the repeated attempts to resolve this without intervention from the Court and the prior attempt to get a simple damages computation (Dkt. 30). Plaintiff should also be prevented from asserting any damages related to issues responsive to these interrogatories which are not described in the scope of Plaintiff's responses (or supplements) so that Defendant does not have to come back to the court for a third time to get a Federal Rules compliant damages computation. Defendant is entitled under the Federal Rules on initial disclosures and under these interrogatories to know

Plaintiff's damages computation (i.e. numbers and math), how he gets there and what factors go into that computation.  Defendant has been kept in the dark by Plaintiff's evasive conduct.

  /s/ Jonathan A. Winter
Jonathan Winter
*Attorney for Defendants*

Defendants' 11/9/2022 Letter Motion (ECF No. 59) is DENIED as duplicative of their 11/2/2022 Letter Motion filed at ECF No. 56, which remains *sub judice*. It appears from what is stated above that Defendants are seeking further discovery responses regarding Plaintiff's damages. Following the Court's decision on Plaintiff's pending motion for summary judgment on liability, the Court intends to hold an in-person hearing to address deficiencies in Plaintiff's damages-related discovery responses. In the interim, Plaintiff strongly is encouraged to supplement his responses (including by providing sworn interrogatory responses), since the Court may impose appropriate sanctions (*e.g.*, preclusion orders and monetary penalties) if it finds, as Defendants suggest, that Plaintiff has engaged in "evasive conduct."

To the extent that Defendants seek further discovery regarding liability issues, then Defendants, in an affidavit or declaration in opposition to Plaintiff's summary judgment motion, shall make an appropriate showing under Rule 56(d) of the Federal Rules of Civil Procedure. *See Lunts v. Rochester City Sch. Dist.*, 515 F. App'x 11, 13 (2d Cir. 2013) ("A party resisting summary judgment on the ground that it needs additional discovery in order to defeat the motion must submit an affidavit pursuant to Federal Rule of Civil Procedure 56(d) . . ., showing: (1) what facts are sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts." (internal quotation marks and citation omitted)).

SO ORDERED.

Dated: 11/11/2022