```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/9/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Shae Petersen,

                Plaintiff,

-against-

Diesel Power Gear LLC et al.,

                Defendants.

1:21-cv-08827 (SDA)

ORDER

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

The Court has reviewed Defendants' motion for partial summary judgment.[1] (Defs.' Mot., ECF No. 69). For the reasons set forth below, Defendants' motion is DENIED.

First, Defendants seek summary judgment on Plaintiff's claim under the Digital Millennium Copyright Act ("DMCA"),[2] arguing that Plaintiff has not presented any evidence that copyright management information ("CMI") was removed or altered or that any such removal/alteration was intentional. (Defs.' Mem., ECF No. 69, at 6-8.) In denying Plaintiff's motion for summary judgment on its DMCA claim, the Court left open the issue of "whether the [CMI] should be considered as having been removed or altered in circumstances where

---

[1] For the reasons stated on the record during the January 5, 2023 telephone conference, the Court has reviewed Defendants' summary judgment motion prior to requiring a response from Plaintiff. Based upon the Court's rulings in this case and the record before the Court, no response by Plaintiff is necessary or appropriate. In reviewing Defendants' motion, the Court applies the well-established standard that summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court assumes familiarity of the relevant factual background, the majority of which is not in dispute. *Compare* Defs.' 56.1 Statement, ECF No. 68 *with* Pl.'s 56.1 Statement, ECF No. 50; *see also Petersen v. Diesel Power Gear LLC*, No. 21-CV-08827 (SDA), 2022 WL 17832314 (S.D.N.Y. Dec. 21, 2022) (denying Plaintiff's motion for summary judgment).

[2] Section 1202(b)(1) of the DMCA provides that no person shall "intentionally remove or alter any copyright information." 17 U.S.C. § 1202(b)(1).

Defendants contend that they merely took photographs of the [Plaintiff's mural], not including the CMI." Petersen, 2022 WL 17832314, at *6 n.5 (citing *Falkner v. Gen. Motors LLC*, 393 F. Supp. 3d 927, 938 (C.D. Cal. 2018) ("The Court cannot find, and Plaintiff has not pointed to, any case standing for the proposition that failure to include copyright management information—merely by the framing of the scene, rather than by any editing or cropping—constitutes removal or alteration."); *Mango v. BuzzFeed, Inc.*, 356 F. Supp. 3d 368, 377 (S.D.N.Y. 2019) (finding DMCA liability where CMI was "altered and missing"), *aff'd*, 970 F.3d 167 (2d Cir. 2020)). Defendants now rely on *Faulkner* to seek summary judgment in their favor. (Defs.' Mem. at 7-8.) The Court finds, however, that a reasonable jury could find that intentionally framing a photograph in a certain way is akin to cropping the photograph after the fact, and therefore constitutes a form of removal. *Accord Heritage Homes, LLC v. Benjamin Custom Homes, LLC*, No. 3:18-CV-271, 2021 WL 5083737, at *2 (D.N.D. Mar. 22, 2021) (questions of fact as to removal of CMI and intent precluded summary judgment on DMCA claim). Similarly, although Defendants argue that "[t]he evidence of record establishes that, when Diesel Power Gear's photographer took the photo, he made a stylistic choice to frame the focus of the picture—the truck—with a portion of the Mural[,]" (Defs.' Mem. at 8), the Court finds that the photographer's intent also presents a question of fact for the jury to decide. *See id*. Accordingly, Defendants' motion as to the DMCA claim is denied.

Next, insofar as Defendants' motion seeks a ruling as a matter of law that Plaintiff's statutory damages are limited to $750 (*see* Defs.' Mot. at 12-14), the motion is denied. "[T]he Supreme Court has held that 'the Seventh Amendment provides a right to a jury trial on all issues pertinent to an award of statutory damages under § 504(c) of the Copyright Act, including the

amount itself.'" *HarperCollins Publishers LLC v. Open Rd. Integrated Media, LLP*, 58 F. Supp. 3d 380, 389 (S.D.N.Y. 2014) (quoting *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 355 (1998)). "Thus, the amount of statutory damages within the statutorily permissible range 'is a question for the jury, unless both sides agree to decision by the court.'" *Id*. (quoting *BMG Music v. Gonzalez*, 430 F.3d 888, 892 (7th Cir. 2005)). In the present case, Plaintiff has demanded a trial by jury and thus a jury must determine the amount of statutory damages.

Finally, based upon the Court's review of the record evidence, the Court finds that there are genuine issues of material fact regarding the "incidents of copyright infringement" and the length of time that "the June 28, 2020 Facebook post was up." (*See* Defs.' Mot. at 8-12.) It is up to the jury to decide the factual issues; it is not the role of the Court to determine as a matter of law what "[a] reasonable factfinder would find," as Defendants invite the Court to do. (*See id*. at 9.) Accordingly, insofar as Defendants seek summary judgment regarding the incidents and duration of copyright infringement, Defendants' motion is denied.

By reason of the foregoing, Defendants' motion for partial summary judgment (ECF No. 69) is DENIED. The deadline for the parties to file a Joint Pretrial Order remains May 1, 2023. (*See* 1/5/2023 Order, ECF No. 67.)

**SO ORDERED.**

DATED:   New York, New York
         March 9, 2023

_____
STEWART D. AARON
United States Magistrate Judge